**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DENNIS MARC GRIGSBY,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

Case No. 2:16-cv-01886-APG-CWH

**ORDER**

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (ECF No. 9) to dismiss along with petitioner's motion (ECF No. 23) for appointment of counsel, motion (ECF No. 24) for expansion of the record, and motion (ECF No. 25) for an evidentiary hearing.

### *Background*

    Petitioner Dennis Grigsby challenges his 2009 Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and possession of a firearm by an ex-felon, in connection with the April 2, 2008, murder of Anthony Davis in Clark County, Nevada. He is serving a sentence on the murder charge of life without the possibility of parole plus a consecutive term of 60 to 240 months on the weapon enhancement, and he also was sentenced to a concurrent sentence of 16 to 72 months on the weapon possession charge. (ECF No. 15-10; Exhibit 28.)

    Petitioner challenged his conviction on both direct appeal and in a timely state post-conviction petition.

### *Motion to Dismiss*

    Respondents contend that federal claims presented in Grounds 1, 2, 4 and 5 are not exhausted and that Grounds 2, 4 and 5 otherwise present only state law claims that are not cognizable in federal habeas corpus. Respondents further contend that Ground 9 presents a noncognizable claim of alleged error in the state post-conviction proceedings that also in any event is unexhausted.

    With regard to Grounds 1, 2, 4 and 5, petitioner states that he does not oppose respondents' position as to these grounds; and he "specifically request[s] that Grounds 1, 2, 4 and 5 be excluded from

federal habeas corpus review of [the] pending petition." (ECF No. 22, at 5, lines 16-17 & 19-23; see also *id.*, at 8, lines 13-14.)[1] The Court accordingly will dismiss Grounds 1, 2, 4 and 5 without prejudice.[2]

Petitioner does challenge respondents' position as to Ground 9.

In Ground 9, petitioner alleges that he was denied rights to due process and equal protection in violation of, *inter alia*, the Fifth and Fourteenth Amendments because the state supreme court issued an allegedly premature order of affirmance on the state post-conviction appeal when an evidentiary hearing had been scheduled in the state district court on a number of grounds in a superseding state petition.

Ground 9 presents a claim of procedural error in state post-conviction proceedings that is not cognizable on federal habeas review. The Court has jurisdiction under 28 U.S.C. § 2254 only over a collateral challenge to a state court judgment of conviction. The Court otherwise does not have jurisdiction to entertain collateral attacks on other types of judgments; and a federal district court does not exercise appellate or supervisory jurisdiction over the state courts. Accordingly, claims of procedural error in state post-conviction proceedings are not cognizable in a federal habeas corpus proceeding, even when such claims are based on the federal constitution. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). As with claims of federal constitutional error regarding other state court judgments, such claims may be pursued only via *certiorari* review in the Supreme Court.

The Court expresses no opinion at this juncture as to whether the circumstances alleged in Ground 9 may be relevant to other procedural issues on federal habeas review, notwithstanding that the ground is not cognizable as an independent claim.

The Court accordingly will grant respondents' motion to dismiss and dismiss Grounds 1, 2, 4, 5 and 9 without prejudice.

---

[1] All page citations are to the page number in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document.

[2] While petitioner thereby thus seeks to dismiss also the Sixth Amendment claim presented in Ground 1, it is his decision to make also as to the exhausted and cognizable claims that he seeks to pursue herein. (See ECF No. 7, at 3-4.) (See also ECF No. 15-14, at 2, Exhibit 32, as to the disposition of the claim on direct appeal.)

### *Remaining Motions*

The Court will deny petitioner's second motion (ECF No. 23) for appointment of counsel for the reasons assigned previously in denying his first motion. (See ECF No. 6, at 1-2.) While petitioner is subject to a lengthy sentence, he has demonstrated an adequate ability to present his claims and arguments with the resources available to him. The claims and issues presented are not unduly complex.

Petitioner seeks appointment of counsel to conduct discovery, hire an investigator and expert witnesses, and present evidence at a federal evidentiary hearing. However, as noted further below, federal habeas review generally is limited to the record in the state court proceedings. Discovery is not generally conducted in federal habeas proceedings, and the issues usually are addressed without either a federal evidentiary hearing or consideration of expert testimony or other evidence developed and presented for the first time on federal review rather than in the state courts.[3]

To the extent that petitioner relies upon prior decisions from this Court concerning law library access or resource issues at other state institutions at particular times in years past, this Court never has held that either the amount of law library access and/or the prison legal mail procedures at High Desert State Prison constitute a basis for automatic appointment of federal habeas counsel. Petitioner, again, has demonstrated an adequate ability to present his claims and arguments with the resources available to him at the prison.

The second motion for appointment of counsel therefore will be denied.

The motions (ECF Nos. 24 and 25) to expand the record and for an evidentiary hearing also will be denied on the showing made. Federal habeas review generally is limited to the record presented to the state courts. *E.g., Cullen v. Pinholster*, 563 U.S. 170 (2011).

---

[3] The Court notes that during the post-conviction proceedings in the state district court, the then-represented petitioner in proper person sought and obtained an order to instead represent himself in those proceedings. (See ECF Nos. 17-3 to 17-5; Exhibits 46-48.) He thereafter represented himself in the district court and beyond through the conclusion of the post-conviction appeal. If petitioner needed counsel, investigators, expert witnesses, and such to adequately develop and present his claims, he perhaps would have been better served to not decline counsel in the state post-conviction proceedings so that he could develop the record presented to the state courts in the first instance, before he filed an appeal. That was his determination to make, however. *Cf. Faretta v. California*, 422 U.S. 806 (1975). In all events, petitioner has demonstrated a sufficiently adequate ability to present his claims and arguments within the context of a federal habeas proceeding with the resources available to him.

1 | **IT THEREFORE IS ORDERED** that respondents' motion (ECF No. 9) to dismiss is **GRANTED**, that Grounds 1, 2, 4 and 5 are **DISMISSED** without prejudice at petitioner's direction, and that Ground 9 is **DISMISSED** without prejudice as noncognizable.

**IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 23) for appointment of counsel, motion (ECF No. 24) for expansion of the record, and motion (ECF No. 25) for an evidentiary hearing all are **DENIED** on the showing and arguments made.

**IT FURTHER IS ORDERED** that, within **sixty (60) days** of entry of this order, respondents shall file an answer to the remaining grounds in the petition and that petitioner shall have **sixty (60) days** from service of the answer within which to dispatch a reply to the Clerk.

Dated: January 9, 2018.

_____
ANDREW P. GORDON
United States District Judge